12-566-ag
Coalition v. FERC

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of June, two thousand twelve.

PRESENT:  RALPH K WINTER,
          DENNY CHIN,
          CHRISTOPHER F. DRONEY,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -x

COALITION FOR RESPONSIBLE GROWTH
AND RESOURCE CONSERVATION,
DAMASCUS CITIZENS FOR SUSTAINABILITY,
AND SIERRA CLUB,
          Petitioners,

          v.                                    12-566-ag

UNITED STATES FEDERAL ENERGY
REGULATORY COMMISSION,
          Respondent,

CENTRAL NEW YORK OIL AND GAS COMPANY,
          Intervenor.

- - - - - - - - - - - - - - - - - - - -x


FOR PETITIONERS:          DEBORAH GOLDBERG (Hannah Chang,
                          Bridget Lee, on the brief),
                          EARTHJUSTICE, New York, New York,

FOR RESPONDENT:           KARIN L. LARSON, Attorney (Michael A.
                          Bardee, General Counsel, Robert H.
                          Solomon, Solicitor, Holly E. Cafer,
                          Attorney, on the brief), United States
                          Federal Energy Regulatory Commission,
                          Washington, D.C.

FOR INTERVENOR:                    ROBERT J. ALESSI (Jeffrey D. Kuhn, <u>on the brief</u>), DLA Piper, New York, New York (William F. Demarest, Jr., Michael A. Gatje, Husch Blackwell LLP, <u>on the brief</u>), Washington, DC.

Petition for review of two orders of the United States Federal Energy Regulatory Commission ("FERC").

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition is **DENIED.**

We assume the parties' familiarity with the facts and procedural history, which we reference only as necessary to explain our decision to deny the petition.

Petitioners Coalition for Responsible Growth and Resource Conservation, Damascus Citizens for Sustainability, and Sierra Club (collectively, the "Coalition") seek review of: (1) a Certificate of Public Convenience and Necessity (the "Certificate Order") granted by FERC pursuant to Section 7(c) of the Natural Gas Act, 15 U.S.C. § 717f(c), to the Central New York Oil and Gas Company ("Central NY Oil") and (2) an order denying the Coalition's Request for Rehearing of the Certificate Order (the "Rehearing Order").

The Certificate Order authorizes Central NY Oil to build and operate the MARC I Hub Line Project natural gas pipeline -- 39 miles long and 30 inches in diameter -- to run through Bradford, Sullivan, and Lycoming Counties, Pennsylvania, and to build and operate related facilities.

Under the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321-4347, a federal agency proposing a "major Federal action[] significantly affecting the quality of the human

environment" must prepare a detailed statement about the environmental impact of the proposed action -- an environmental impact statement ("EIS").  42 U.S.C. § 4332(2)(C)(i); Nat'l Audubon Soc'y v. Hoffman, 132 F.3d 7, 12 (2d Cir. 1997).  If an agency is uncertain as to whether the action requires an EIS, it must prepare an environmental assessment ("EA") that ["b]riefly provide[s] sufficient evidence and analysis for determining whether to prepare an [EIS]."  40 C.F.R. §§ 1501.3, 1508.9(a)(1).  If the agency finds that an EIS is not necessary, the agency will issue a finding of no significant impact ("FONSI").  40 C.F.R. § 1508.9(a)(1).

In reviewing a decision whether to issue an EIS, this Court must consider: (1) "whether the agency took a 'hard look' at the possible effects of the proposed action" and (2) if the agency has taken a "hard look," whether "the agency's decision was arbitrary or capricious."  Nat'l Audubon Soc'y, 132 F.3d at 14; see also 5 U.S.C. § 706(2)(A) (court may set aside an agency's decision not to require an EIS only upon a showing that it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law").  Under NEPA, this Court's role is to "insure that the agency considered the environmental consequences" of the federal action at issue.  Town of Orangetown v. Gorsuch, 718 F.2d 29, 35 (2d Cir. 1983) (citation omitted); see also Robertson v. Methow Valley Citizens Council, 490 U.S. 332, 351 (1989) ("NEPA merely prohibits uninformed -- rather than unwise -- agency action").

Here, in considering Central NY Oil's application, FERC prepared an EA, issued a FONSI, and concluded that an EIS was not required.  We conclude, based on our review of the administrative

-3-

record, that FERC took a "hard look" at the possible effects of the Project and that its decision that an EIS was not required was not arbitrary or capricious. Its 296-page EA thoroughly considered the issues. The Certificate Order carefully reviewed the concerns raised by the comments. The Rehearing Order addressed petitioners' concerns and further explained FERC's basis for issuing the FONSI.

The Coalition argues that FERC's cumulative impact analysis was inadequate. We disagree. FERC's analysis of the development of the Marcellus Shale natural gas reserves was sufficient. FERC included a short discussion of Marcellus Shale development in the EA, and FERC reasonably concluded that the impacts of that development are not sufficiently causally-related to the project to warrant a more in-depth analysis. In addition, FERC's discussion of the incremental effects of the project on forests and migratory birds was sufficient. FERC addressed both issues in the EA and has required Central NY Oil to take concrete steps to address environmental concerns raised by petitioners and others. For example, in the Certificate Order, FERC required Central NY Oil to comply with its Riparian Forested Buffer Enhancement Plan to address forest fragmentation. In Environmental Condition 17 of the EA, FERC required Central NY Oil to prepare and execute a Migratory Bird Impact Assessment and Habitat Restoration Plan. The environmental concerns identified by commenting parties, including the Environmental Protection Agency, were considered and addressed by FERC in the EA and the Rehearing Order.

-4-

Accordingly, we hold that FERC properly discharged its responsibilities under NEPA.  We have considered all of petitioners' remaining arguments and conclude that they are without merit.  The petition for review is **DENIED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk